EAU CLAIRE BOOK AND STATIONERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20628.  Promulgated February 18, 1932.

*John M. Campbell, Esq.*, and *P. M. Beach, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent asserts a deficiency in income and profits taxes for the fiscal year ended January 31, 1922, in the amount of $4,023.46. The principal question at issue is whether the petitioner sustained a deductible loss in the taxable year when it made a purported sale of certain bonds to its stockholders. Petitioner also pleads the statute of limitations as a defense against the tax liability asserted by the respondent.

Petitioner is a Wisconsin corporation, with its principal office at Eau Claire. At September 28, 1920, the Gillette Rubber Company, a corporation, was in debt to petitioner on accounts receivable and notes in the total amount of $14,826.78. At that date the Rubber Company was in financial difficulties and on October 5, 1920, its assets were turned over to a creditors' committee. On October 31, 1921, the petitioner accepted notes from the creditors' committee for the full amount of its claim against the Rubber Company and on November 21, 1921, it exchanged such notes for bonds of that corporation at the par value of $14,000.

On or about January 31, 1922, petitioner sold the bonds acquired as set out above to its stockholders in exact proportion to their stockholdings. The stockholders effected this transaction through a trustee. They paid no cash at the time of their purchase, but their trustee gave a note to the petitioner for $1,400, the full amount of the agreed price. Interest received on the bonds of the Rubber Company was credited on this note in the amount of $250. In its income-tax return for the fiscal year ended January 31, 1922, the petitioner deducted $12,600 from its gross income as a loss sustained in the taxable year. Upon audit the respondent disallowed such deduction, made some other minor adjustments, and determined the deficiency here in controversy.

Petitioner has not shown the date on which its return was due or filed and so the Board is without any information as to when the statute of limitations began to run. Petitioner concedes that it signed a waiver, but pleads that its signature was obtained by a revenue agent through misrepresentation. No evidence in support of such allegation was adduced at the hearing. The record contains no evidence sufficient for a findings of fact that the statute of limitations had run against the petitioner's tax liability for the year ending January 31, 1922, when the deficiency notice was issued on October 2, 1926.

Petitioner claims a deduction of $12,600 from its gross income for the year ended January 31, 1922, as a loss sustained in such year by the sale of the bonds acquired as set out above. It is elementary that all claims for losses sustained in sales of property must be supported by proof of cost, date of sale and consideration received. *Pioneer Fruit Co.*, 21 B. T. A. 833. The petitioner acquired certain creditors' notes of the Rubber Company and exchanged such notes in settlement of its receivables against that concern for the bonds in question. There is no evidence in the record upon which we can make findings of fact as to the cost to the petitioner of the creditors' notes or as to the value of such notes at the date of their exchange for the bonds. It can not be assumed that the petitioner's receivables against the Rubber Company were worth their face value at the date they were exchanged for the creditors' notes. Even if such claims were worth $14,000 at that date, it does not follow that basis for a loss is established, since parts of the $14,000 may have represented profit on merchandise sold to the Rubber Company and interest due on the notes taken from that company. Having failed to prove the cost of the property sold, the petitioner can not be allowed the deduction claimed.

Petitioner's argument that cost of the property sold is not in issue on account of some statement in the computation attached to the deficiency letter is without basis. In his answer to the petitioner herein the respondent has denied every material allegation of fact. The evidence adduced by the petitioner is not sufficient to overcome the presumption that the determination of the respondent is correct.

*Decision will be entered for the respondent.*